IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STEVEN C. CRABB,<br>      Plaintiff,<br><br>v.<br><br>DR. JOHN BOZDECK,<br>      Defendant. | Case No. 4:24-cv-04072 -JEH |

### Order

The Court's Order (Doc. 21) entered December 12, 2024, dismissed this suit without prejudice for lack of federal subject matter jurisdiction. Plaintiff sought to sue a physician at a private hospital regarding specialist gastroenterology treatment Plaintiff received. The Court found Plaintiff's allegations as to any federal cause of action were insufficient. Judgment was entered the following day.

On September 3, 2025, the Court received Plaintiff's Motion to Reconsider (Doc. 23), dated August 25, 2025. It is functionally a Rule 60(b) motion for relief from judgment. For the following reasons the motion is denied.

### I

"On motion and just terms, the court may relieve a party … from a final judgment … for … newly discovered evidence …." Fed. R. Civ. P. 60(b). Such motion must be brought within one year. Fed. R. Civ. P. 60(c)(1).

"Relief from a final judgment may be granted pursuant to Rule 60(b) under exceptional circumstances, and [the Seventh Circuit has] characterized the district court's considerable latitude in making its decision as 'discretion piled on discretion.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

"The concern that parties or courts could use Rule 60(b) to circumvent the time limit for filing appeals animates [Seventh Circuit] case law." *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (citing *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013) ("If parties or courts could use Rule 60(b) to revive cases in which a party failed to appeal within the standard deadline, Appellate Rule 4 would lose much of its force."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000) (dismissing an appeal of a district court's denial of a Rule 60(b) motion where the motion "was nothing more than the first step in an attempt to take an untimely appeal").

## II

Here, Plaintiff does not provide a persuasive basis for relief from judgment. He asserts that new facts have arisen, showing that Defendant Bozdeck had an obligation to provide constitutionally adequate medical care to Plaintiff, and so Plaintiff's lawsuit should now move forward.

Nothing prevented Plaintiff from raising these allegations after his first two complaints were dismissed for failure to allege a federal claim. The repeatedly explained the deficiencies in Plaintiff's allegations. When Plaintiff's second amended complaint – his third pleading attempt – still failed to state a federal claim, the Court dismissed it without prejudice and denied leave to replead, signaling that it was done with the case. Judgment was entered on December 13, 2024. Plaintiff could have appealed at that point if he believed his allegations stated a claim, or if he believed he should be allowed a fourth opportunity to replead, but he did not do so. On these facts, in an exercise of its discretion, the Court finds relief from judgment inappropriate here.

## III

Plaintiff's Motion for Reconsideration [23] is DENIED.

*It is so ordered.*

Entered: September 4, 2025

s/Jonathan E. Hawley
U.S. District Judge